UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| CINDY GARDNER | ) | |
|     Plaintiff, | ) | |
| | ) | COMPLAINT |
| v. | ) | (42 U.S.C. § 1983) |
| | ) | Jury Trial Demanded |
| TOWN OF MOORESVILLE (Mooresville North Carolina), | ) | |
| OFFICER SERGEANT RUSSELL CLARK | ) | |
| Individually and in his capacity as a Mooresville City | ) | |
| Police Officer, The Mooresville Police Department | ) | |

NOW COMES the PLAINTIFF, Cindy Gardner, by and through undersigned counsel filing this complaint alleging:

**PRELIMINARY STATEMENT**

1. This action is brought under 42 U.S.C. § 1983 for injunctive and declaratory relief, and for money damages to redress Defendants' violations of Cindy Gardner's (hereinafter Plaintiff) rights guaranteed by the United States Constitution.

2. Plaintiff was standing inside of her home at 129 J.C. Circle in the City of Mooresville North Carolina, located in Iredell County North Carolina. The Plaintiff was unlawfully pulled from her home, pushed to the ground and arrested in a display of unreasonable force.

1

3. After the Plaintiff was pushed to the ground her arm was rudely and excessively twisted behind her back by Officer Sergeant Russell Clark (hereinafter Defendant Officer) causing a fracture of the proximal Humerus with a 5.3 cm butterfly fracture fragment along her Medial Aspect and posterior angulation of the largest distal fracture fragment. The Plaintiff was forced to have surgery to repair the damage and is now permanently disabled.

4. The Plaintiff is a 5'3 105-pound white female. The Plaintiff was being arrested for the minor offense of "Failure to Show Identification", not actively resisting or attempting to evade arrest and posed no immediate threat to safety of officers and others. The Defendant Officer was acting under color of law and his conduct (use of excessive force) violated the Plaintiff's fourth amendment rights guaranteed by the U.S. Constitution.

5. Upon information and belief, Defendant Officer Clark's unlawful use of force was reviewed by the Mooresville Police Chief and were consistent with the policies and practices of the Mooresville Police department and thereby condoned by the Defendant City of Mooresville.

6. Plaintiff seeks damages for the use of excessive force and injunctive and declaratory relief against the policies, practices, and customs described herein that violate the Fourth Amendment. Additionally, Plaintiff seeks compensatory damages, an award of attorney's fees and costs, and such other relief as this Court deems equitable and just.

## JURISDICTION AND VENUE

7. Jurisdiction exists for this action pursuant to 42 U.S.C. § 1983, the Due Process Clause, the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1988 (providing for attorney fees and litigation expense awards in actions arising under 42 U.S.C. § 1983). The Court has jurisdiction of this action under §1331 and §1343.

Supplemental jurisdiction over Plaintiffs' state law claims is pursuant to 28 U.S.C. §1367.

8. Venue is proper in this district under 28 U.S.C. §1391(b) because the acts and omissions giving rise to Plaintiffs claims occurred in Iredell County. Therefore, the appropriate venue for this action is the United States District Court for the Western District of North Carolina.

**PARTIES**

9. The allegations contained in previous paragraphs of this Complaint shall be fully incorporated and re-alleged as if fully set forth herein.
10. Cindy Gardner (hereinafter "Plaintiff") is a 5'3 105-pound healthcare provider who was 49 years old at the time of the incident giving rise to this complaint. She is a citizen of Iredell County, North Carolina.
11. Defendant Officer Sergeant Russell Clark (hereinafter "Defendant Officer") is, and at all relevant times was, employed as an officer for Mooresville Police Department (hereinafter MPD) and the Town of Mooresville (hereinafter Defendant Town), and was acting in the course and scope of his official duties as a police officer and under color of state law.
12. Upon information and belief, Defendant Officer Clark is a citizen and resident of Iredell County, North Carolina.
13. Defendant Town of Mooresville is a municipal corporation and political subdivision of the State of North Carolina, organized and existing pursuant to the Constitution and laws of the State of North Carolina. Defendant Town is governed by a Town Council, and the

3

actions alleged herein constitute the official policy and custom of Defendant Town, in violation of Plaintiff's constitutional rights. Such a violation was part of a pattern and practice of conduct that violates the constitutional rights of Plaintiff, and other persons similarly situated to Plaintiff.

14. Defendant Town maintains and administers the Mooresville Police Department ("MPD"), and it exercises supervisory responsibility over Defendant Officers. Defendant Town, by and through the mayor, city manager, and city council, has final policy-making authority over the MPD, including the hiring, retention, discipline, and termination of MPD employees. Defendant Town engages in a pattern and practice of failing to properly train MPD officers to conduct lawful arrests. Defendant Town has ratified and approved Defendant Officers' behavior as consistent with the policy, practice, procedure, and custom of Defendant City and the MPD.

15. Defendant Officers is responsible for executing the official policies, decisions, practices, and customs of the MPD and, thereby, of Defendant Town.

16. At all relevant times, the acts and practices of Defendants, and those acting at their direction, were performed under color of state law and constitute "state action" within the meaning of the United States Constitution.

17. Iredell County, North Carolina is where the events giving rise to the Plaintiff's claims occurred and where the causes of action in this case arose.

## JURY DEMAND

18. Plaintiff demands trial by jury in this action on each and every one of her claims.

## WAIVER OF IMMUNITY

19. On information and belief Defendants are protected by a local government risk pool, authorized under the provisions of Article 23 of North Carolina General Statute Chapter 58, or one or more policies of liability insurance.

20. Defendant Town and Officer's participation in a risk pool qualifying under N.C. Gen. Stat. § 160A-485(a) will waive any immunity.

21. Defendant City's policies or customs were the direct and proximate cause of the violation of Plaintiff's rights.

22. At all relevant times hereto, Defendant Town was authorized to and did waive its immunity from civil liability in tort by purchasing liability insurance, by contract with an insurance company, and/or by participation in an insurance risk pool that covers the claims asserted in this legal action.

23. Defendant Officer was acting under color of state law and his actions were the direct and proximate cause of the Plaintiff's injuries.

24. To the extent of such insurance coverage, Defendants have waived any official, sovereign, or governmental immunity to which they might otherwise be entitled.

25. Upon information and belief, Defendant City has a customary practice of waiving the doctrine of sovereign or governmental immunity as a legal defense with regard to claimants similarly situated to Plaintiff who have been injured by the acts and/or omissions of employees and agents of Defendant City.

26. Through Defendant City's above-mentioned customary practice, Defendant City has waived any official, sovereign, or governmental immunity to which any Defendants may have otherwise been entitled. Any assertion of said immunity is a violation of Plaintiff's equal protection and due process rights under the Fourth and Fourteenth Amendment of

5

Case 5:22-cv-00037-KDB-DCK    Document 1    Filed 04/05/22    Page 5 of 15

the United States Constitution, and Article I, Section 19 of the North Carolina Constitution.

## STATEMENT OF FACTS

27. The allegations contained in the previous paragraphs of this complaint shall be fully incorporated and re-alleged as in fully set forth herein.

28. At or around 9:15 pm on the 8th of April 2020 the Plaintiff placed a call to the Mooresville Police Department to complain about the noise outside of her apartment located at 129 J.C. Circle.

29. The Defendant Officer responded to the scene at or around 9:20 pm.

30. The Defendant Officer arrived in a marked police car, wearing the uniform of a Mooresville Police Officer, displayed a badge on his uniform and had his service weapon displayed on his hip.

31. The Plaintiff works as a healthcare provider for sick and elderly patients and was concerned about the spread of Covid-19 within the apartment complex.

32. The Plaintiff asked the officer if there was a curfew in the city and the Defendant Officer told her that there was not. The Defendant Officer then walked back to his patrol car.

33. The Plaintiff came down to the parking lot to complain about noise and told the officer that her car tires had been flattened on a previous occasion.

34. The Plaintiff then asked to officer if he would enforce a community rule of a 10 pm quiet time where residences would calm down and allow fellow residences to enjoy a quiet evening.

35. The Defendant Officer rudely refused the request.

36. The Defendant Officer did not ask the Plaintiff for her identification at that time.

37. At or around 9:28 pm the Defendant Officer returned to the Plaintiff's apartment to find a group of individuals standing in the Breezeway directly in front of the Plaintiff's apartment.

38. The Plaintiff was standing in her doorway with the door open and a few other tenants were standing around her.

39. An unknown female told the officer "She just kicked them". Referring to the plaintiff kicking another individual standing in her doorway.

40. The Plaintiff verbally denied the allegation.

41. The Officer then told the Plaintiff, "I need your information".

42. Unsure of what the officer meant the Plaintiff calmly invited the officer inside to discuss the situation.

43. The Officer rudely rejected her offer and yelled that the Plaintiff needed to bring her license to the door.

44. The Plaintiff walked further into her apartment to get a cigarette and walked back to the doorway to attempt to engage in a civil conversation with the Defendant Officer. The Plaintiff calmly said that she was "tired of all the noise".

45. The Defendant Officer yelled, "give me your license now". At this point the Plaintiff was standing inside of her apartment and the Defendant Officer was standing outside in the Breezeway.

46. The Plaintiff calmly asked the Defendant Officer why he didn't ask anyone else for their license.

47. The Defendant Officer then decided to escalate the situation by yelling, "give me your license or you will go to jail".

48. Before the confused Plaintiff could comply or refuse the Defendant Officer unlawfully reached inside of her home, without a warrant, and pulled the 105-pound Plaintiff out of her home.

49. The Defendant Officer aggressively pushed the Plaintiff to the ground and began pulling her arms behind her back.

50. The confused Plaintiff calmly asked what was going on, but did not resist.

51. The Defendant Officer began to handcuff the Plaintiff, pulling her arm behind her back with such aggression and force that her shoulder popped causing severe injury.

52. The medical report says that the injury was caused by the officer twisting the Plaintiff's arm behind her back with such force it caused fracture of the proximal Humerus with a 5.3 cm butterfly fracture fragment along her Medial Aspect and posterior angulation of the largest distal fracture fragment. The Plaintiff was forced to have surgery to repair the damage and is now permanently disabled.

53. The Plaintiff told the Defendant Officer that he messed up her shoulder.

54. The Defendant Officer told the Plaintiff she was under arrest for failing to show him her identification.

55. The Plaintiff was escorted to the police car and placed in the back seat. The Plaintiff was forced to sit there in pain while the officer talked to other witnesses.
56. The Defendant Officer was able to complete his investigation without the Plaintiff's identification.
57. Once the Defendant Officer was finished, he walked back to his car and the Plaintiff told him that he had broken her shoulder.
58. The Defendant Officer did not call EMS, he instead called another patrol officer to take the Plaintiff to the hospital.
59. The Plaintiff was later booked for Resist, Obstruct and Delay for failure to show identification.
60. The Plaintiff now awaits her jury trial in Iredell County for the Class 2 Misdemeanors of Resisting by failure to show Identification.

EXCESSIVE FORCE

61. At all times relevant to the arrest the Defendant Officer was acting under the Color of State Law.
62. The Defendant Officer is a substantial man and the Plaintiff is an elderly 5'3 105-pound woman.
63. The Plaintiff remained calm throughout the entire ordeal. She did not actively resist the arrest or attempt to elude the arrest by flight and at no time did she pose a danger to the officer or others.

## **FIRST CAUSE OF ACTION**

## *Fourth Amendment: Excessive Force by the Defendant Officer in his individual and official capacities*

64. The allegations contained in previous paragraphs of this compliant shall be fully incorporated and re-alleged as if fully set forth herein.
65. The Defendant Officer used excessive force in the course of the seizure of the Plaintiff's person in violation of the Fourth Amendment and its "reasonableness" standard.
66. Defendant Officer, under color of state law and the policy, custom and/or practice of the Mooresville Police Department and Town unreasonably threw the Plaintiff to the ground and pulled her arms behind her back with such force it caused a fracture to her shoulder (severe injury); even though the Plaintiff was calm and not resisting the officer.
67. Defendants acted unreasonably, maliciously, and without justification.
68. Defendants used clearly excessive and objectively unreasonable force against Plaintiff.
69. Plaintiff suffered multiple injuries as a direct result of the Defendants' actions
70. The facts and circumstances of this incident demonstrate the unreasonableness of the Defendants' actions, including the fact that Plaintiff was unarmed and not posing a threat or danger to the police.
71. Defendants were deliberately indifferent to the fact that their use of force was unreasonable, excessive, and without lawful justification or excuse, and thus a violation of both statutory and constitutional law.
72. As such, Defendants' willful, malicious, and/or reckless disregard of Plaintiff's federally protected rights entitle Plaintiff to an award of punitive damages.

73. As a direct and proximate consequence of these unlawful acts, Plaintiff has suffered and continues to suffer loss, financially and physically, and is thereby entitled to compensatory damages.

## SECOND CAUSE OF ACTION

*Fourth Amendment to the United States Constitution*

*Practices and Policies of The Town of Mooresville through the Mooresville Police Department, 42 U.S.C. §1983*

*Policy, Practice, Retention and/or Condonation of Excessive Force*

74. The allegations contained in previous paragraphs of this Complaint shall be fully incorporated and re-alleged as if fully set forth herein.

75. Upon information and belief, Defendants Town of Mooresville, the Mooresville Police Department ("hereinafter Department Defendants") knew of the excessive force of the Plaintiff after Defendant officers reported the incident and issued the criminal summons.

76. Department Defendants were deliberately indifferent to the training and supervision of Defendant Officers in their performance of duties.

77. Department Defendants failed to properly instruct the above-named officer defendant in Fourth Amendment search and seizure requirements of the Constitution.

78. Officer Defendants believed, contrary to clearly established constitutional law, that the excessive force used on Plaintiff was reasonable under the Fourth Amendment.

79. Moreover, Department Defendants' deliberate indifference to the training and supervision of officer Defendants constitute and represent the policies, practice, and customs of the Mooresville Police Department, and City of Mooresville.

80. Upon information and belief, Department Defendants (MPD and Defendant Town) have not reprimanded the Defendant Officer nor has he faced disciplinary repercussions for his actions during this incident, evidencing the tacit approval, ratification, and condonation by Department Defendants of their conduct in this case.

81. As a result, Department Defendants' practices, policies, and failure to adequately train and supervise Officer Defendant directly and proximately caused injury and damage to the Plaintiff.

82. As such, Department Defendants' willful, malicious, and/or reckless disregard of Plaintiffs' federally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution entitle Plaintiffs to an award of compensatory damages.

83. As a result of Department Defendants' practices, policies, and failure to adequately train and supervise officer Defendants, Plaintiff was deprived of her liberty and subjected to great physical and emotional pain and suffering entitling her to compensatory damages.

### THIRD CAUSE OF ACTION

*Assault and Battery (State Law Claim)*

*Individual Defendant Officer and City of Mooresville*

84. The allegations contained in previous paragraphs of this Complaint shall be fully incorporated and re-alleged as if fully set forth herein.

85. North Carolina law, which provides that a civil action for damages for assault and battery is available at common law against one who, for the accomplishment of a legitimate purpose, such as justifiable arrest, uses force which is excessive under the given circumstances.

86. North Carolina Law provides [The] City of Mooresville can be held liable for any tort committed by [its employee] during the course and scope of his employment, to the extent that the City has waived governmental immunity by purchasing liability insurance.

87. By the conduct and actions described above, Defendant Officer intentionally inflicted the common law torts of assault and battery upon Plaintiff.

88. At all relevant times during the incident the Defendant was acting under color of state law and acting within the scope of his employment with the MPD and the Defendant Town.

89. The acts and conduct of Defendants were the direct and proximate cause of injury and damages to Plaintiff in violation Plaintiff's statutory and common law rights as guaranteed by the laws of the state of North Carolina.

90. The Defendants' actions constitute an assault upon Plaintiff in that they intentionally attempted to injure Plaintiff or commit a battery upon Plaintiff.

91. The Defendants' actions were intentional, unwarranted and without any just cause or provocation. Defendants knew or should have known their actions were without lawful authority or the consent of Plaintiff.

92. Defendant Officer did that which a man of reasonable intelligence would know to be contrary to his duty and which he intended to be prejudicial or injurious to the Plaintiff when he pulled her arm behind her back with such force that he broke her arm/shoulder.

93. As a result of the Defendants' actions, Plaintiff was injured physically and emotionally wholly and solely by reason of the conduct described and Plaintiff did not contribute thereto.

13

Case 5:22-cv-00037-KDB-DCK   Document 1   Filed 04/05/22   Page 13 of 15

94. As such, Plaintiff was subjected to physical harm and emotional humiliation and thereby deprived of her liberties.

95. The Defendants actions directly and proximately caused physical and emotional damage to Plaintiff who is entitled to compensatory and punitive damages as a result.

### ATTORNEY'S FEES AND COST

96. Pursuant to 42 U.S.C. § 1988, Plaintiff asserts the right to an award of attorney's fees and costs under its 42 U.S.C. § 1983 pleadings if they prevail.

### PRAYER FOR RELIEF

WHEREFORE, PAINTIFF PRAYS FOR JUDGMENT OF THE COURT AS FOLLOWS:

1. That the Plaintiff have and recover compensatory damages from Defendants, including pain and suffering;
2. That the Plaintiff have and recover punitive damages from Defendants;
3. That the costs of this action be taxed against Defendants, including all court costs and attorney's fees;
4. For such other and further relief to which Plaintiff may be entitled under the allegations set forth herein and under applicable law; and
5. For such other and further relief as the Court may deem equitable by the court.

William B. Smith Jr
Attorney for the Plaintiff
The Law Office of William B. Smith Jr., PLLC
9250 Bruckhaus Street, Unit 419

Raleigh, NC 27617

Telephone: 704-421-8137

Fax: (984) 888-0580

Email: willsmithlaw@gmail.com

N.C. Bar No. 37261